## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**MOHAMMED SHARIQUE SHAIKH,**

**Plaintiffs,**

**-vs-**                                                    **Case No.  6:10-cv-1032-Orl-28GJK**

**FANNIE MAE, DAVID STERN, GREGG
DREILINGER, ROBYN KATZ,
CITIMORTGAGE, INC., THE
CONTINENTAL GROUP, INC., FIRST
SERVICE RESIDENTIAL MANAGEMENT,
INC., and LAW OFFICES OF DAVID J.
STERN,**

**Defendants.**
_____

## REPORT AND RECOMMENDATION

## TO THE DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT (Doc. No. 2)** |
| **FILED:** | **July 12, 2010** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Plaintiff's Complaint be **DISMISSED**.

On July 12, 2010, Plaintiff Mohammed Sharique Shaikh ("Plaintiff") filed a complaint

("Complaint") against Fannie Mae, David Stern, Greg Dreilinger, Robyn Katz, Citimortgage, Inc., The

Continental Group, Inc., First Service Residential Management, Inc., and Law Offices of David J. Stern,

P.A. (herein, "Stern") (collectively, the "Defendants"). Doc. No. 1. Plaintiff states that he has been a bona fide tenant of 2323 Caravelle Circle, Kissimmee, Florida (the "Property") since 2008. *Id.* at 2.  Plaintiff states that in December 2009 and January 2010, he received letters indicating that the Property was going into foreclosure. *Id.* Plaintiff states that in response, he mailed a letter to Stern indicating that he was a protected tenant of the Property pursuant to the Protecting Tenants at Foreclosure Act of 2009. *Id.* Following a number correspondence between the parties, in June 2010, a Ms. Stephens contacted the Plaintiff indicating she was an agent for Fannie Mae and started negotiations about renting the Property. *Id.* at 4.  At some point, Plaintiff was advised by a Mr. Gordon that Fannie Mae would not agree to give Plaintiff his appliances as they were now fixtures, and would not refund either or honour [sic] the existing lease." *Id.*  Plaintiff maintains that after Plaintiff threatened suit against Fannie Mae for failure to honor the existing lease: "Mr. Gordon pressurised Plaintiff by ordering an eviction notice that disclaimed knowledge of the property being tenant occupied.  This false claim was again made through [Stern] and the eviction notice was posted on Plaintiff's door on 7/1/10." *Id.*

Plaintiff alleges when that facing eviction, he was "coerced to agree to the terms presented by [Fannie Mae] and it's [sic] agents, on all issues including rent, security deposit and appliances, and signed a new lease with [Fannie Mae] to prevent eviction at such short notice in violation of the law." *Id.* at 5. Plaintiff seeks to hold each of the Defendants liable for "conspiracy, violation of civil rights, violation of laws granting protection to bona fide tenants, malicious prosecution, intentional infliction of emotional distress, gross negligence, conspiracy, pain and anguish suffered by Plaintiff, abuse of process and other torts." Doc. No. 1.  Plaintiff requests that Defendants be ordered to pay $2,090,000 in compensatory damages, $6,030,000 in punitive damages, repay his security deposit in the amount of $5,000 and contribute $200,000 to the Legal Aid Society of the Orange County Bar Association. *Id.* at 6.

## I.      THE LAW

Pursuant to 28 U.S.C. § 1915, The United States Congress has required that the district court review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious, or fails to state a claim on which relief may be granted.[1]  *See* 28 U.S.C. § 1915.  Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal --
> (i)  is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).[2]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*.  *See* Local Rule 4.07.  Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*.  Local Rule 4.07 (a).  The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions.  Local Rule 6.01(c)(18).  With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge.  *Id.* The Court may dismiss the case

---

[1]  Section 1915(a)(1) states that the person submitting an affidavit to proceed *in forma pauperis* shall include a statement of assets "such prisoner" possess.  However, courts have held that the use of the term prisoner does not limit this section to prisoner suits only.  *See e.g.*, *Powell v. Hoover*, 956 F. Supp. 564, 566 (M.D. Pa. 1997).

[2]  Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.  28 U.S.C. § 1915 (a)(3).

if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate.  Local Rule 4.07(a).

## II.   APPLICATION

On its face, Plaintiffs' Complaint fails to show any basis for federal jurisdiction. Although the Complaint alleges in conclusory fashion that Plaintiffs' civil rights were violated, no facts are alleged which could support that conclusion.  Additionally, "federal courts have held that the Protecting Tenants at Foreclosure Act of 2009 does not create a federal private right of action, but indeed provides directives to state courts." *Fannie Mae v. Lemere*, 2010 WL 2696697, at *2 (E.D. Cal. Jul., 6, 2010) (citing *Nativi v. Deutsche Bank Nat. Trust*, 2010 WL 2179885 (N.D. Cal. 2010)).  Thus, Plaintiff has not established that this Court has subject matter jurisdiction over his claims.  *See U.S. Nat. Bank Ass'n v. Garcia*, 2009 WL 4048851, at *1 (C.D. Cal. Nov. 20, 2009) ("The claims asserted in the Complaint do not 'arise under' federal law merely by virtue of paragraph seven's reference to the 'Protecting Tenants at Foreclosure Act of 2009.'") (citing *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005) ("whether a state law claim 'arises under' federal law depends on a number of factors including whether the claim 'necessarily raise[s] a stated federal issue'").

Accordingly, it is

Recommended that the Motion to Proceed in forma pauperis be DENIED and the Complaint be DISMISSED without prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

RECOMMENDED in Orlando, Florida on August 19, 2010.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable John Antoon II
Unrepresented Parties